UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Kamaruz Zaman,

                    Plaintiff,      CV-05-4641 (CPS)

  - against -                      MEMORANDUM OPINION
                                      AND ORDER
Condoleeza Rice, U.S. Secretary of State,
United States Consulate General, Dhaka,
Bangladesh,

                    Defendant.

-----------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Kamaruz Zaman brings this action against defendant U.S. Secretary of State Condoleezza Rice alleging that he was improperly denied an immigrant visa after he won the Diversity Visa Lottery for the year 2005. Presently before the Court is defendant's motion to dismiss the case for lack of subject matter jurisdiction. For the reasons that follow, the case must be dismissed as moot.

## BACKGROUND

    The following facts are drawn from the complaint and the parties' submissions in connection with this motion. They are undisputed.

    Plaintiff Kamaruz Zaman, a citizen and resident of Bangladesh, won the 2005 Diversity Visa Lottery, which made him eligible to receive an immigrant visa to the United States for

the fiscal year 2005.¹ He submitted his visa application to the U.S. Embassy in Dhaka, Bangladesh and was interviewed on May 4, 2005. At the end of the interview, the consular officer found Zaman "not educationally qualified,"² and he was denied a visa.

Zaman filed the instant complaint on September 30, 2005 alleging that he was improperly denied a diversity visa.

**DISCUSSION**

The government first argues that the case must be dismissed under the doctrine of consular non-reviewability. In the alternative, the government argues that the case must be dismissed as moot. Because I conclude, pursuant to the Second Circuit Court of Appeals' holding in *Mohamed v. Gonzales*, 436 F.3d 79, (2d Cir.2006), that the case must be dismissed as moot, I need not address the consular non-reviewability argument.

In the recently-decided *Mohamed* case, the Court of Appeals considered two cases in which the petitioners alleged that they

---

¹ Under the Diversity Visa Lottery program, a number of immigrant visas are annually made available to natives of countries from which immigration to the United States has been traditionally low. *See* 8 U.S.C. §§ 1153(c)(1)(B)(ii), 1153(c)(1)(E)(ii). "[P]rogram applicants are selected through a purely random lottery system established by the Secretary of State, and if chosen, become eligible to receive an immigrant visa. *See* 8 U.S.C. § 1153(e)(2); *see generally*, 22 C.F.R. § 42.33. Those chosen through the lottery system, however, are not guaranteed to receive visas." *Nakamura v. Ashcroft*, 2004 WL 1646777, *1 (E.D.N.Y.,2004).

² "An alien is not eligible for a visa under this subsection unless the alien--
    (A) has at least a high school education or its equivalent, or
    (B) has, within 5 years of the date of application for a visa
    under this subsection, at least 2 years of work experience in
    an occupation which requires at least 2 years of training or
    experience."
8 U.S.C. § 1153(c)(2)

were wrongfully denied visas under the Diversity Visa Lottery program. In upholding the dismissal of the cases based on mootness, the Court reasoned:

> The relevant statutes and regulations impose a strict one-year time limit on the granting of diversity visas, stating that "[a]liens who qualify, through random selection, for a visa [under the DV Program] shall remain eligible to receive such visa only through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added); *see also* 22 C.F.R. § 42.33(a)(1) ("The eligibility for a visa...ceases at the end of the fiscal year in question."); *id.* § 42.33(f) ("Under no circumstances will immigrant visa numbers be allotted after midnight of the last day of the fiscal year for which the petition was submitted and approved."). Despite the harsh consequences of this result, we are compelled, as our sister circuits have recognized, to apply the unambiguous language of the operative statutory framework.

436 F.3d at 81. Once the fiscal year for the visa in question has ended, the case must be dismissed as moot, even if the visa was denied "as the result of sheer bureaucratic ineptitude or intransigence." Id. at 81. The Court of Appeals went on to note that relief in such cases must be sought from Congress and not from the courts.

Here, Zaman's eligibility for a diversity visa ended at midnight on September 30, 2005, the end of the fiscal year for the 2005 Diversity Visa Lottery. Accordingly, defendant lacks authority to grant the visa at this time, and the case must be dismissed as moot.[3]

---

[3] It is of no consequence that Zaman filed his complaint on September 30, 2005, before the fiscal year ended at midnight. *See Zapata v. I.N.S.*, 93 F.Supp.2d 355 (S.D.N.Y.,2000). Had this Court granted relief prior to the end of the fiscal

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss is granted.

The clerk is directed to transmit a copy of the within to all parties and to the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
         July 12, 2006

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge

---

year, the outcome may have been different. *See, e.g., Iddir v. I.N.S.*, 301 F.3d 492, 501 n. 2 (7th Cir.2002); *Coraggioso v. Ashcroft*, 355 F.3d 730, 734 n. 8 (3d Cir.2004); *Paunescu v. I.N.S.,* 76 F.Supp.2d 896, 902 (N.D.Ill.,1999). However, plaintiff did not seek emergency relief, and it is now beyond defendant's powers to provide the relief requested.